

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LUIS M. MARSH | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv642 |
| JERRY RODRIGUES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Luis M. Marsh, a former inmate of the Hopkins County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 while confined to that facility. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The complaint was filed on November 19, 2010. He asserted that Defendants gave him the wrong medication while he was incarcerated and that Defendant Bevill ordered that he be tazed and left in a cell for 24 hours without clothing or food. On September 29, 2011, the Court issued an Initial Partial Filing Fee Order granting Plaintiff's motion to proceed *in forma pauperis* and directing Plaintiff to pay an initial partial filing fee of $37.48 against the full filing fee of $350.00 within 30 days of receipt of the Order. He was cautioned that failure to pay the initial partial filing fee as ordered would result in his lawsuit being dismissed. Plaintiff acknowledged receipt of that Order on October 11, 2011. Therefore, his payment or a showing of inability to pay was due by November 10, 2011. To date, the Court has not received the filing fee nor has Plaintiff shown that he has insufficient assets or means by with to pay as ordered.

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay either the full filing fee or an initial partial filing fee and subsequently pay the remainder of the full filing fee. Prisoners may proceed on claims without prepayment of the full filing fee, but they will be responsible for paying it in time. The Plaintiff was ordered to pay the initial partial filing fee or show that he has insufficient assets or means by with to pay as ordered, but he has done neither, nor has he provided any excuse for such failure.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*per curiam*); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures,

prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the Plaintiff has chosen not to comply with the Court's Order in order to proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. A dismissal without prejudice is the best option available at this time.

## Recommendation

It is accordingly recommended that the Plaintiff's complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 15th day of November, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE